IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ELLIS CEDEÑO TORRES and NIURKA CEDEÑO TORRES**<br>**PLAINTIFFS**<br><br>**V.**<br><br>**YAUCO HEALTHCARE CORP. d/b/a HOSPITAL PAVIA YAUCO**<br><br>**ER SPECIALIZED CARE LLC**<br><br>**DR. ZAHIRA RIVERA NAZARIO,** individually and on behalf of the **conjugal partnership** composed with **JOHN DOE**; **JOHN DOE**, individually and on behalf of the **conjugal partnership** composed with **DR. ZAHIRA RIVERA NAZARIO**<br><br>**LIAM MEDICAL TRANSPORT LLC**<br><br>**DR. FRANZ A. HEFFELFINGER,** individually and on behalf of the **conjugal partnership** composed with **JANE DOE**; **JANE DOE**, individually and on behalf of the **conjugal partnership** composed with **DR. FRANZ A. HEFFELFINGER**<br><br>**WILSON GALARZA,** individually and on behalf of the **conjugal partnership** composed with **JANE DOE**; **JANE DOE**, individually and on behalf of the **conjugal partnership** composed with **WILSON GALARZA**<br><br>**JESIRIS BURGOS,** individually and on behalf of the **conjugal partnership** composed with **JOHN DOE**; **JOHN DOE**, individually and on behalf of the **conjugal partnership** composed with **JESIRIS BURGOS**<br><br>**PUERTO RICO MEDICAL DEFENSE INSURANCE** | **CIVIL NO.:**<br><br><br><br>**TORTS CLAIMS ACT**<br>**MEDICAL MALPRACTICE**<br><br><br><br>**JURY TRIAL DEMAND** |

6

| |
|---|
| **JOINT UNDERWRITING ASSOCIATION FOR MEDICAL-HOSPITAL PROFESSIONAL LIABILITY INSURANCE**, also known as **SIMED** |
| **CONTINENTAL CASUALTY COMPANY** |
| **CONTINENTAL INSURANCE COMPANY** |
| **TRIPLE-S PROPIEDAD, INC.** |
| **THE MEDICAL PROTECTIVE COMPANY (MEDPRO)** |
| **ASPEN AMERICAN INSURANCE COMPANY** |
| **ABC CORPORATION; XYZ INSURANCE COMPANY; JOHN DOE; DR. JOHN/JANE DOE** |
| **DEFENDANTS** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs through the undersigned attorney and most respectfully **STATE** and **PRAY** as follow:

### I. INTRODUCTION

This is a civil action for the damage suffered by plaintiffs due to the negligent acts and omissions of all co-defendants in the treatment of their sister Glorian Cedeño Torres.

### II. JURISDICTION AND VENUE

6

2. This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 over the state law claims under Articles 1536, 1538 and 1540 of the Civil Code of Puerto Rico of 2020. The matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different states.

This Court has venue pursuant to 28 U.S.C. § 1391 because, as detailed herein, the claims asserted in this action arose in this judicial district.

### III.  JURY TRIAL

PLAINTIFFS demand a trial by jury on all issues so triable.

### IV.  PARTIES

3. The individually named defendants are natural people domiciled in Puerto Rico and are therefore citizens of Puerto Rico.

4. None of the Defendants are citizens of the same State as Plaintiffs.

5. Plaintiffs Ellie Cedeño Torres is of legal age, and resident of 440 NE Sunset Leigy, Oklahoma, where he is domiciled. His email is elliscedeno3@gmail.com and his phone number is 787-506-4059

6. Plaintiff Niurka Cedeño Torres is of legal age, and resident 3041 Rose Bud, Ct, Edinburg, VA, 22824. Her email is niu310@live.com. Her phone number is 787-533-0241.

7. Defendant Yauco Healthcare Corp. doing business as Hospital Pavia Yauco is a corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business in Puerto Rico and is therefore a citizen of Puerto Rico pursuant to 28 U.S.C. § 1332(c)(1).

8. Defendant ER Specialized Care LLC is organized under the laws of Puerto Rico and has its principal place of business in Puerto Rico. Upon information and belief, all of its members are citizens of Puerto Rico. Accordingly, it is a citizen of Puerto Rico for diversity purposes.

9. Co-defendant Yauco Healthcare Corp. and/or ABC Corporation located in Yauco is a corporation jointly and severally liable for all facts alleged in the complaint and is jointly and severally responsible for the damages caused to the plaintiff.

10. Co-defendant ER Specialized Care LLC and/or ABC Corporation located in Yauco is a corporation jointly and severally liable for all facts alleged in the complaint, by virtue of having an administrative contract for the emergency room of Yauco Healthcare Corp. and is responsible for the acts of co-defendant Dr. Zahira Rivera Nazario and John Doe.

11. Co-defendant Dr. Zahira Rivera Nazario has established a legal conjugal partnership with John Doe (so named because his true name is unknown), and they are jointly and severally liable for all allegations in the complaint. Additionally, she was an employee of ER Specialized Care LLC, which is responsible for her actions.

12. Co-defendant LIAM Medical Transport LLC and/or ABC Corporation located in Lajas is a corporation jointly and severally liable for all facts alleged in the complaint, responsible for the acts of its paramedic employees and other personnel, and as a corporation engaged in the ambulance business, whose negligence in this case makes them liable for all alleged damages.

13. Co-defendant Dr. Franz A. Heffelfinger has established a legal conjugal partnership with Jane Doe (so named because her true name is unknown), and they are jointly and severally liable for all allegations in the complaint.

14. Co-defendant Wilson Galarza has established a legal conjugal partnership with Jane Doe (so named because her true name is unknown), and they are jointly and severally liable for all allegations in the complaint.

15. Co-defendant Jesiris Burgos has established a legal conjugal partnership with John Doe (so named because his true name is unknown), and they are jointly and severally liable for all allegations in the complaint.

16. Co-defendant Puerto Rico Medical Defense Insurance is an insurance company domiciled in Puerto Rico, organized under the laws of the Commonwealth of Puerto Rico and authorized by the Puerto Rico Insurance Commissioner, which issued insurance policies in favor of the defendants and unknown defendants (so named because their identities are unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them). Said policies provide coverage for the facts alleged in the complaint and they are jointly and severally liable to all plaintiffs for payment of the damage suffered and alleged.

17. Co-defendant Sindicato de Aseguradores para la Suscripción Conjunta de Seguro de Responsabilidad Profesional Médico-Hospitalaria, also known as SIMED, issued an insurance policy in favor of the defendants and unknown defendants (so named because their identities are unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them), and is liable

for all facts alleged in the complaint by virtue of having issued a policy to one of the defendants.

18. Co-defendants Continental Casualty Company and/or Continental Insurance Company issued one or more insurance policies in favor of the defendants and unknown defendants (so named because their identities are unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them), and are liable for all facts alleged in the complaint by virtue of having issued a policy to one of the defendants.

19. Co-defendant Triple S Propiedad Inc. is an insurance company domiciled in Puerto Rico, organized under the laws of the Commonwealth of Puerto Rico and authorized by the Puerto Rico Insurance Commissioner, which issued insurance policies in favor of the defendants and unknown defendants (so named because their identities are unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them), and is liable for all facts alleged in the complaint by virtue of having issued a policy to one of the defendants.

20. Co-defendant The Medical Protective Company (MED PRO) is an insurance company authorized to conduct business in the Commonwealth of Puerto Rico by the Puerto Rico Insurance Commissioner, which issued insurance policies in favor of the defendants and unknown defendants (so named because their identities are unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them), and is liable for all facts alleged in the complaint by virtue of having issued a policy to one of the defendants.

21. Co-defendant Aspen American Insurance Company is an insurance company authorized to conduct business in the Commonwealth of Puerto Rico by the Puerto Rico Insurance Commissioner, which issued insurance policies in favor of the defendants and unknown defendants (so named because their identities are unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them), and is liable for all facts alleged in the complaint by virtue of having issued a policy to one of the defendants.

22. Co-defendant Dr. John/Jane Doe has established a legal conjugal partnership with Jane Doe and/or John Doe (so named because their identity is unknown or because at this time there are insufficient elements to determine whether there is a cause of action against them), and said partnership is liable for all damages alleged in the complaint for benefiting from the acts of one of its members.

23. ABC Corporation (so named because its true name is unknown or because at this time there are insufficient elements to determine whether there is a cause of action against it) is a corporation jointly and severally liable for all facts alleged in the complaint and is the owner of Hospital Pavia Yauco visited by the patient or a corporation that manages an emergency room of the hospitals visited by the patient.

24. XYZ Insurance Company (so named because its true name is unknown) issued insurance policies in favor of known or unknown defendants.

25. John Doe (so named because his true name is unknown or because at this time there are insufficient elements to determine whether there is a cause of action against him) is a natural or juridical person, doctor or nurse, paramedic,

governmental or private agency, or of any kind, jointly and severally liable for all facts alleged in the complaint.

## V. FACTS

26. On March 5, 2025, at approximately 1:00 a.m., Ms. Glorian Cedeño Torres (RIP), who was pregnant, went together with her life partner, Rafael Igor Velasco Oliveras, to the emergency room of co-defendant Yauco Healthcare Corp. and/or ABC Corporation, which at that time, upon information and belief, was being administered by co-defendant ER Specialized Care LLC.

27. Ms. Glorian Cedeño went to the emergency room due to severe chest pain and difficulty breathing.

28. Upon arrival at the hospital, the patient Glorian Cedeño was asked several questions and blood samples were taken. Hospital staff were informed of the duration of her pregnancy, the name of her gynecologist, Dr. Gabriel De La Torre, and the medication she was taking to control her heart condition during pregnancy.

29. According to her partner, Rafael Igor Velasco Oliveras, the patient Glorian Cedeño was only given Pepcid through an IV and oxygen through a standard nasal cannula.

30. At approximately 3:00 a.m., co-defendant Dr. Zahira Rivera Nazario — who negligently treated the patient — informed them that the blood test results showed elevated troponin levels and that at that time there were no gynecologists or cardiologists available, and that it would be best to transfer her to Hospital San Lucas in Ponce. To that effect, an ambulance from co-defendant LIAM Medical Transport LLC and/or ABC Company (so named because its identity is unknown or because there are insufficient elements to determine a cause of action) was called.

31. Negligently, co-defendants Yauco Healthcare Corp. and/or ABC Corporation, and/or co-defendant Dr. Zahira Rivera Nazario, and/or co-defendant ER Specialized Care LLC and its medical director of the emergency room, co-defendant John Doe (so named because his identity is unknown), failed to request the type of ambulance required for this patient's condition.

32. Likewise, the emergency room medical director, co-defendant John Doe, and/or ER Specialized Care LLC, and/or Yauco Healthcare Corp., were negligent and failed to comply with the transfer protocols for this patient and with their duty to provide appropriate medical personnel for the transfer given her condition.

33. Before leaving the emergency room, patient Glorian Cedeño began to feel worse and her pulse increased again, but the paramedics from LIAM Medical Transport LLC were already preparing to leave and, negligently, the defendants did not stop the transfer.

34. The paramedics, co-defendants Wilson Galarza and Jesiris Burgos and/or John Doe, and LIAM Medical Transport LLC were negligent in accepting and/or transporting the patient knowing they were doing so in an inadequate type of ambulance and in failing to require that Dr. Zahira Rivera Nazario accompany them to Hospital San Lucas in Ponce.

35. Co-defendant Dr. Zahira Rivera Nazario, knowing the patient's health condition, negligently failed to accompany her in the ambulance.

36. During transport to Hospital San Lucas in Ponce, only the paramedics were in the ambulance, who negligently failed to request that Dr. Zahira Rivera Nazario accompany them, despite the patient's condition requiring her presence.

37. While in the ambulance, as they were traveling between Guayanilla and Peñuelas, the patient, who was having difficulty breathing, began losing control and screaming that she could not breathe and asking to be given medication.

38. The paramedic made a call to a physician, co-defendant Dr. Franz A. Heffelfinger and/or John Doe, for instructions. The recommendation given was also negligent. The paramedic then prepared a medication and injected it into Glorian. Subsequently, the patient's pulse dropped to 0 according to the monitor and she began expelling white foam from her mouth.

39. The paramedic attempted to use a resuscitation bag to provide oxygen, administered another injected medication, and performed cardiac massage. Upon arrival at Hospital San Lucas, the patient had no vital signs, but she was revived and an emergency cesarean section was performed.

40. Patient Glorian Cedeño remained in intensive care connected to life-support machines, as did her son Igor Alejandro Velasco Cedeño upon birth.

41. Both Glorian Cedeño and her baby did not recover and suffered severely while alive as a consequence of the defendants' negligence during their hospital stay. After several days in intensive care, both were declared brain dead on March 10, 2025, and were disconnected from life-support machines that same day. The minor Igor Alejandro Velasco Cedeño was disconnected first, followed by Glorian Cedeño.

42. Glorian Cedeño is survived by her partner, Rafael Igor Velasco Oliveras; her minor son Rafael Alejandro Velasco Cedeño; her parents, Ellis Samuel Cedeño Santiago and Elba Torres Pérez; and her siblings, plaintiffs Ellis Cedeño Torres and Niurka Cedeño Torres.

43. All co-defendants were negligent and are jointly and severally liable to the plaintiffs for all damages caused as a consequence of their failure to provide medical care that meets the standards generally recognized by the medical community in light of modern communication and teaching methods and the prevailing state of scientific knowledge and medical practice.

## FIRST CAUSE OF ACTION

44. The foregoing allegations are incorporated herein in their entirety.
45. The co-defendants were negligent and jointly and severally liable for failing to properly and timely diagnose; failing to obtain informed consent; failing to conduct differential diagnoses; failing to provide adequate and timely medical treatment; ordering inappropriate medications; failing to timely consult; failing to document relevant medical information; failing to order appropriate tests; transferring the patient in unstable condition; failing to provide appropriate treatment in the ambulance; failing to conduct proper physical examinations; failing to monitor vital signs; failing to follow protocols; lacking necessary skill and training; and otherwise breaching the applicable standard of care thereby causing the death of Glorian Cedeño Torres.

## SECOND CAUSE OF ACTION

46. The foregoing allegations are incorporated herein in their entirety.
47. Co-defendant ABC Corporation is jointly and severally liable as a common enterprise, exercising control over the medical treatment, under vicarious liability and/or as employer of the physicians.

## THIRD CAUSE OF ACTION

48. The foregoing allegations are incorporated herein in their entirety.

49. ABC Corporation, whether for-profit or nonprofit, is jointly and severally liable for all facts and damages suffered by the plaintiffs as owner of the hospital and/or as manager of the emergency room services.

## FOURTH CAUSE OF ACTION

50. XYZ Insurance Company is an insurance company authorized by the Insurance Commissioner that issued policies providing coverage for the acts alleged in the complaint and is jointly and severally liable for payment of the damage suffered by the plaintiffs.

## FIFTH CAUSE OF ACTION

51. The foregoing allegations are incorporated herein in their entirety.

52. The conjugal partnership of Dr. John/Jane Doe is liable for all damages alleged in the complaint for benefiting from the acts of one of its members.

## SIXTH CAUSE OF ACTION

53. Yauco Healthcare Corp. and/or ER Specialized Care LLC are jointly and severally liable under vicarious and hospital liability for the negligent acts of their physicians, employees, and nurses and for failing to comply with or establish proper protocols.

54. LIAM Medical Transport LLC is jointly and severally liable under vicarious liability for the negligent acts of its paramedics, for transporting the patient without a physician, and for using an inadequate ambulance.

## SEVENTH CAUSE OF ACTION

55. The foregoing allegations and all causes of action are incorporated herein.

56. All defendants are joint tortfeasors and jointly and severally liable for the damage caused.

## VI.  DAMAGES

VII. Ellis Cedeño Torres, claims approximately $800,000.00 (or more) for resulting from the negligence of the defendants.

VIII. Niurka Cedeño Torres, claims approximately $800,000.00 (or more) resulting from the negligence of defendants

IX. Because of the negligent conduct and reckless disregard for life exhibited by the defendants, plaintiffs request the imposition of an additional sum of $1,600,000.00 or an amount equal to the damages awarded.

**WHEREFORE**, it is respectfully requested that Judgment be entered by this Honorable Court in favor of the plaintiffs and against the defendant:

A. Granting Plaintiffs the sums requested in the Complaint.

B. Imposing upon the defendant the payment of all costs and expenses to be incurred in this lawsuit.

C. Granting the Plaintiffs any other relief that they may be entitled to as a matter of law.

D. Awarding plaintiffs a reasonable amount for attorney's fees.

E. Upon article 1538 of the Civil Code of Puerto Rico, 2020, an amount of no less than $1,600,000.00 as punitive damages for the gross contempt displayed by defendants in regards the life and security of plaintiff's sister.

Respectfully submitted.

In San Juan, Puerto Rico, this 4th day of March 2026.

**ALEXANDRA BIGAS VALEDON LAW OFFICE**
**Attorneys for Plaintiffs**
P.O. Box 7462
Ponce, P.R. 00732-7462
Tel. 844-1444; Fax 842-4090

/s/ Alexandra Bigas Valedon
**ALEXANDRA BIGAS VALEDON**
U.S.D.C. NO. 220109
alexandra.bigas@gmail.com

# UNITED STATES DISTRICT COURT
## DISTRICT OF PUERTO RICO

## CATEGORY SHEET

You must accompany your complaint with this Category Sheet, and the Civil Cover Sheet (JS-44).

Attorney Name (Last, First, MI): BIGAS-VALEDON, ALEXANDRA

USDC-PR Bar Number: 220109

Email Address: alexandra.bigas@gmail.com

1. Title (caption) of the Case (provide only the names of the first party on each side):

   Plaintiff: ELLIS CEDEÑO-TORRES, ET. AL.

   Defendant: YAUCO HEALTH CORP., ET. AL.

2. Indicate the category to which this case belongs:

   ☒ Ordinary Civil Case
   ☐ Social Security
   ☐ Banking
   ☐ Injunction

3. Indicate the title and number of related cases (if any).

4. Has a prior action between the same parties and based on the same claim ever been filed before this Court?

   ☐ Yes
   ☒ No

5. Is this case required to be heard and determined by a district court of three judges pursuant to 28 U.S.C. § 2284?

   ☐ Yes
   ☒ No

6. Does this case question the constitutionality of a state statute? (See, Fed.R.Civ. P. 24)

   ☐ Yes
   ☒ No

Date Submitted: 03/04/2026

rev. Dec. 2009

Print Form    Reset Form

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELLIS CEDEÑO TORRES, ET. AL.

**DEFENDANTS**
YAUCO HEALTH CORP., ET. AL.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
ALEXANDRA BIGAS VALEDON
PO BOX 7462, PONCE, P.R. 00732, TEL. 787-844-1444

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS - PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- [x] 362 Personal Injury - Medical Malpractice

**TORTS - PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS - Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C..§ 1332; ARTICLES 1536, 1538 & 1540 OF THE CIVIL CODE OF PUERTO RICO; 28 U.S.C.§ 1391; 28 U.S.C.§ 1332 (c) (1)

Brief description of cause:
MEDICAL MALPRACTICE

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 3,200,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

**DATE**
03/04/2026

**SIGNATURE OF ATTORNEY OF RECORD**
*(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____